IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FRED C. MANGOLD, Independent Administrator of the Estate of Judith A. Mangold, Deceased, and FRED C. MANGOLD, Individually,<br><br>　　　　　　Plaintiffs,<br><br>-vs-<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, *et al.*,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>) Case No. 08 C<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO REMAND

　　　　Plaintiffs, FRED C. MANGOLD, Independent Administrator of the Estate of Judith A. Mangold, Deceased, and FRED C. MANGOLD, Individually, through counsel and pursuant to 28 U.S.C. § 1447, respectfully requests that this Court remand this matter to the Circuit Court of the Thirteenth Judicial Circuit.  In support of this request, Plaintiffs state as follows:

　　　　1.　　　This Court lacks subject jurisdiction over this matter.

　　　　2.　　　Defendants assert two grounds as a basis for removal.  The first concerns the interplay between 28 U.S.C. § 1331 and 28 U.S.C. § 1349, while the second is premised upon diversity jurisdiction.

　　　　3.　　　Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.  Other than the fact that Defendant Railroad Passenger Corporation was created by an Act of Congress and that the United States is the owner of more than one-half of the National Railroad Passenger Corporation's capital stock, facts which Plaintiffs do not herein dispute, Defendants wholly fail to explain how the instant "civil action," which was brought, in state court, as a state law

wrongful death and survival action and which does not raise any federal question, is appropriately removed under § 1331.  The party seeking removal has the burden of establishing federal jurisdiction.  *Fuller v. BNSF Railway Co.*, 472 F.Supp.2d 1088, 1091 (S.D. Ill.), *citing Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).  "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.*   There is a strong presumption in favor of remand.  *Fuller*, 472 F.Supp.2d at 1091, *citing Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976);  *Littleton v. Shelter Ins. Co.,* No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

    4.  In *Fuller v. BNSF Railway Co.*, 472 F.Supp.2d 1088 (S.D. Ill.), the plaintiff asserted various common law and statutory acts of negligence, such as failing to sound an adequate, timely, and proper warning of the fact that the train was approaching the crossing where the accident occurred, failing to maintain adequate warning devices at the crossing, failing to maintain and inspect the crossing and roadway;  failing to maintain an adequate lookout for motorists at the crossing; and failing to sound a warning at the time and in the manner required.  Additionally, the complaint alleges that BNSF failed properly to train its employees and/or servants to notify the railroad of hazardous crossings and failed to warn and advise its agents, servants, and employees of the dangerous condition of the crossing where the accident giving rise to this case occurred.   In the instant case, many of the allegations against Defendants are similar.  Plaintiffs allege, in relevant part:

> At the time and place alleged, AMTRAK, by and through the acts of its agents and/or employees, were negligent in one or more of the following respects:

    (a)    AMTRAK's train engineers, firemen, and/or conductors failed to reduce speed through a railroad crossing largely unprotected by safety devices, through a railroad crossing intersected by a rural road made of gravel, and through a crossing that was obstructed by crops;

    (b)    AMTRAK's train engineers, firemen, and/or conductors operated and controlled said railroad train at a speed that was inconsistent with the exercise of ordinary care;

    (c)    AMTRAK's train engineers, firemen, and/or conductors failed to sound the train's whistle at an appropriate distance from the crossing;

    (d)    AMTRAK's train engineers, firemen, and/or conductors failed to maintain a safe visibility of the approach to the crossing;

    (e)    AMTRAK's train engineers, firemen, and/or conductors failed to apply the train's brakes within a reasonable time or to otherwise attempt to avoid a collision;

    (f)    AMTRAK failed to safely maintain the right of way and/or areas adjacent to the tracks, in that, AMTRAK permitted crops to grow in areas immediately adjacent to the subject tracks which blocked visibility to both the train and vehicles crossing at the grade crossing; and

    (g)    AMTRAK failed to keep the right of way, adjacent to its tracks, reasonably clear of crops for a distance of at least five hundred feet from the subject grade crossing where such crops materially obscured the deceased's view of the approaching train, in violation of 92 Ill. Adm. Code 1535.205.

5. The usual test of whether an action arises under federal law for purposes of so-called "federal question" jurisdiction pursuant to section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *Fuller*, 472 F.Supp.2d at 1091, *citing Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)*; Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152-53 (1908). The well-pleaded complaint rule requires generally that a complaint state a claim for relief under federal law. *Fuller*, 472

F.Supp.2d at 1091. As Justice Holmes explained, "A suit arises under the law that creates the cause of action." *Fuller*, 472 F.Supp.2d at 109, *citing American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260 (1916). The purpose of restricting federal question jurisdiction to cases asserting claims for relief under federal law is, in addition to preserving a plaintiff's right to choose his or her forum, to "severely limit the number of cases . . . that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Id.*, *citing Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 9-10 (1983). The well-pleaded complaint rule means of course that a case may not be removed to federal court pursuant to 28 U.S.C. § 1331 where federal law merely furnishes a defense to a plaintiff's claims. *Fuller*, 472 F.Supp.2d at 1091.

6.      In the instant case, other than to refer to § 1349, Defendants do not explain why removal is appropriate, so Plaintiffs will not further dwell on this issue other than to note that § 1349 does not confer jurisdiction upon the court, but rather, serves as a limitation upon jurisdiction. *See*, *Rodriguez v. National Railroad Passenger Corporation*, 483 F.Supp.2d 553 (W.D. Texas April 11, 2007). In that case, the court concluded that 28 U.S.C. § 1349 did not provide Amtrak with an independent right of removal. It noted, Section 1349 merely states: "[t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." According to the court, Section 1349 therefore, does not operate as an affirmative grant of jurisdiction, but rather as a restriction on jurisdiction that would otherwise be proper under § 1331. In addition, section § 1349 does not contain an express removal provision. *Id*. While there is some *dicta* in *Adkins v. Illinois*

*Central Railroad Co.*, 326 F.3d 828, 848 (7th Cir. 2003), upon which Defendants rely, suggesting that § 1349 confers original jurisdiction, the *Adkins* court certainly did not substantively address this issue. Moreover, the plain language of § 1349 indicates that it serves as a limitation upon jurisdiction.

7. Finally, this matter cannot be removed pursuant to diversity jurisdiction. Section 1446 (b) provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." As Defendants note, the action was commenced on January 9, 2006 upon the filing of the original complaint.

Wherefore, Plaintiffs respectfully request that this matter be remanded to state court, or that this Court enter such relief it deems just.

Respectfully submitted,

/s/ Deidre Baumann
_____

Baumann & Shuldiner
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 558-3119