IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **FRED C. MANGOLD**, Independent Administrator of the Estate of **JUDITH MANGOLD**, Deceased, and **FRED C. MANGOLD**, Individually,<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION**, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Cause No. 08 C 73<br>)<br>) Honorable William J. Hibbler, Presiding<br>)<br>)<br>) |

## DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendants NATIONAL RAILROAD PASSENGER CORPORATION ("Amtrak") and

BNSF RAILWAY COMPANY, formerly known as THE BURLINGTON NORTHERN AND

SANTA FE RAILWAY COMPANY ("BNSF"), by their undersigned counsel, respond as

follows in opposition to plaintiff's motion seeking remand of this action to the Circuit Court for

Illinois' Thirteenth Judicial District, located in LaSalle County, Illinois:

### Introduction

This action arises out of a July 9, 2005, grade crossing accident near Leland, Illinois,

involving an Amtrak train and a car driven by plaintiff's decedent, Judith Mangold.  Plaintiff

filed suit one year later, on January 9, 2006, against Amtrak, a citizen of the District of

Columbia, 49 U.S.C. § 24391(b), and a number of local entities, all citizens of Illinois, including

the Illinois Department of Transportation; the Village of Leland; Earl Township; Adams

Township; LaSalle County; and their respective road commissioners ("the municipal

defendants").  (See Original Complaint, attached hereto as Exhibit A") The BNSF, a Delaware

corporation with its principal place of business in Texas, was first made a defendant on February 20, 2007.  (See Second Amended Complaint, attached hereto as Exhibit B.)  Additional Illinois citizens were sued in an amended complaint filed on July 9, 2007.  (See Third Amended Complaint, attached hereto as Exhibit C.)

Although Amtrak was desirous of removing the action to federal court, neither the Illinois municipal defendants nor the subsequently added Illinois citizens would consent to the removal. (See Notice of Removal, attached hereto as Exhibit D, ¶¶ 2, 6.)  All of these non-consenting defendants were subsequently dismissed from the action, however, either voluntarily or by a series of final orders of the LaSalle County court entered on August 16, 2007, and December 7, 2007.  (Ex. D, ¶¶ 5, 7.)  Within 30 days of the dismissal of the last remaining non-consenting defendant, Amtrak and the BNSF, the sole remaining defendants, removed the action to this Court pursuant to 28 U.S.C. § 1446.  (Ex. D.)  They asserted two separate and independent bases for the removal, either one of which would support this Court's jurisdiction:

a)    original federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1349, over civil actions against corporations in which the United States owns more than one-half of the capital stock; and

b)    diversity jurisdiction over civil actions between citizens of different states in which the matter in controversy exceeds the sum of $75,000, 28 U.S.C. § 1331.

Plaintiff has now moved to remand the action to the state courts, asserting both that federal question jurisdiction is lacking and that a removal based on diversity jurisdiction would be untimely.  Neither argument has merit.

A.    **AMTRAK'S UNDISPUTED STATUS AS A FEDERALLY-CHARTERED, U.S. GOVERNMENT-OWNED CORPORATION BRINGS IT WITHIN THIS COURT'S FEDERAL QUESTION JURISDICTION.**

Plaintiff's initial argument – that "federal question" jurisdiction can arise only if the issues before the court arise from federal law – betrays a fundamental misunderstanding of the scope of that jurisdiction.  It has been well settled since the earliest days of American jurisprudence that federal question jurisdiction encompasses "cases involving federally-chartered stock corporations in which the United States is the majority shareholder." *Hollus v. Amtrak Northeast Corridor*, 937 F.Supp. 1110, 1113 (D. N.J. 1996), *aff'd* 118 F.3d 1575 (3d Cir. 1997). This jurisdiction has been dubbed by some "protective" federal jurisdiction because "[r]ather than vindicating any federally created rights, federal jurisdiction in this instance is asserted for 'the protection of some congressionally favored interest,' where state law provides the relevant rule of decision." *Hollus*, 937 F.Supp. at 1113 n.3, *quoting* Paul J. Mishkin, *The Federal "Question" in the District Courts*, 53 Colum. L. Rev. 157, 184, 192 (1953).

The existence of this form of federal question jurisdiction has been recognized since 1824, and its history is succinctly set forth in the *Hollus* decision:

> The question whether the "arising under" clause of Article III conferred jurisdiction on the federal courts solely by virtue of a corporate plaintiff's federal charter was resolved by Chief Justice Marshall in favor of federal jurisdiction in *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1924). [Footnote omitted.] Subsequently, the Supreme Court held that ordinary tort actions against federally-chartered railroads were automatically actions "arising under" the laws of the United States. *The Pacific Railroad Removal Cases*, 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319 (1885).  This holding is now generally thought to have been an excessively expansive reading of the congressional grant of "arising under" jurisdiction. [Citation omitted.] Anticipating a flood of such federal incorporation suits, and perceiving a need to shield the federal courts from the burden of adjudicating such claims, Congress, in 1915, restricted jurisdiction over federally-chartered railroads, and, in 1925, enacted the predecessor [of § 1349]. 937 F. Supp. at 1113.

Section 1349 now limits federal question jurisdiction to entities that are: (1) incorporated by or under an Act of Congress; *and* (2) more than one-half owned by the United States government. 28 U.S.C. § 1349.

Plaintiff's Motion for Remand concedes, as it must, that Amtrak was created by an Act of Congress *and* that the United States owns more than one-half of Amtrak's capital stock. (Motion, p. 1.) But plaintiff's disbelief that these facts are "enough" to establish federal question jurisdiction is belied by law that is so well-settled that it can truly be termed beyond dispute. The Seventh Circuit has repeatedly recognized that Amtrak's corporate status brings it within this branch of federal question jurisdiction and allows removal to the Federal courts.[1] *See Miller v. Illinois Cent. R. Co.*, 474 F.3d 951, 952 (7th Cir. 2007) ("Amtrak's right to remove is based on its being deemed an instrument of the federal government because more than 50 percent of its stock is owned by the United States"); *Adkins v. Illinois Cent. R. Co.*, 326 F.3d 828, 848 (7th Cir. 2003) ("Cases involving federally chartered corporations such as Amtrak arise under the laws of the United States and, therefore, come within the court's federal question jurisdiction"); *Aliotta v. National R.R. Passenger Corp.*, 315 F.3d 756, 758 n.1 (7th Cir. 2003) ("federal courts have

---

[1] Other circuits to consider the issue are in accord. *See Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir. 2002) ("court had original jurisdiction over the subject matter of the litigation because the action involves Amtrak and the United States owns a majority of the capital stock in Amtrak"); *National R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc.*, 286 F.3d 1233, 1259 n.25 (11th Cir. 2002) ("because Amtrak is a federally chartered corporation that meets the requirements of § 1349, federal question jurisdiction is proper"); *Estate of Zimmerman v. Southeastern Pennsylvania Transp. Authority*, 168 F.3d 680, 683 (3d Cir. 1999) (finding jurisdiction proper based on Amtrak's status as a federally chartered corporation in which the United States owns a majority of stock); *Eichelberg v. National R.R. Passenger Corp.*, 57 F.3d 1179, 1183 n.3 (1995) (federal jurisdiction existed because Amtrak was created by an Act of Congress and the United States owns more than one-half of its capital stock).

-4-

jurisdiction over all cases involving Amtrak, regardless of the cause of action").

District court cases exercising jurisdiction over Amtrak are not difficult to find,[2] and they tend to use adjectives such as "well-settled" and "clear" in describing that jurisdiction. *See, e.g.,* *Chiwewe v. Burlington Northern and Santa Fe Railway Co.*, 2002 WL 31924776, *2 (D. N.M. Aug. 21, 2002) (string-citing numerous cases involving Amtrak and concluding that "[c]learly, there is federal subject matter jurisdiction over the claims against Amtrak"); *Wyant v. National R.R. Passenger Corp.*, 881 F.Supp. 919, 924 (S.D. N.Y. 1995) ("the law is well-settled that federal courts have federal question jurisdiction over suits by or against Amtrak"); *Estate of Wright v. Illinois Cent. R. Co.*, 831 F.Supp. 574, 574 (S.D. Miss. 1993) ("the principle that suits involving federally chartered corporations arise under federal law has remained firmly settled"); *Boone v. National R.R. Passenger Corp.*, 1993 WL 93946, *2 (E.D. Pa. Mar. 30, 1993) ("the question of whether Amtrak creates independent federal question jurisdiction is well settled").

-------------------

[2] *See, e.g., Lopez v. BNSF Ry. Co.*, 2007 WL 4326734 (E.D. Cal. Dec. 7, 2007); *Hanson v. National R.R. Passenger Corp.*, 2007 WL 3348010 (W.D. Mich. Nov. 8, 2007); *Liberty Mut. Ins. Co. v. National R.R. Passenger Corp.*, 2006 WL 2803036 (E.D. La. Sept. 27, 2006); *Virgil v. Montgomery*, 353 F.Supp.2d 620 (E.D. N.C. 2005); *Dowe v. National R.R. Passenger Corp.*, 2003 WL 22383016 (N.D. Ill. Oct. 17, 2003); *Chiwewe v. Burlington Northern and Santa Fe Railway Co.*, 2002 WL 31924776 (D. N.M. Aug. 21, 2002); *William M. Hendrickson, Inc. v. National R.R. Passenger Corp.*, 2002 WL 398641 (E.D. Pa. Mar. 13, 2002); *National R.R. Passenger Corp. v. Pennsylvania Public Utility Comm'n*, 159 F.Supp.2d 28 (E.D. Pa. 2001), *aff'd* 288 F.3d 519 (3d Cir. 2002); *Burns v. National R.R. Passenger Corp.*, 1998 WL 426554 (E.D. Pa. 1998); *Estate of Zimmerman v. Southeastern Pennsylvania Transp. Authority*, 17 F.Supp.2d 372 (E.D. Pa. 1998), *aff'd* 168 F.3d 680 (3d Cir. 1999); *Gibson v. National R.R. Passenger Corp.*, 170 F.R.D. 408 (E.D. Pa. 1997); *Coultman v. National R.R. Passenger Corp.*, 857 F.Supp. 231 (E.D. N.Y. 1994); *Estate of Wright v. Illinois Cent. R. Co.*, 831 F.Supp. 574 (S.D. Miss. 1993); *Boone v. National R.R. Passenger Corp.*, 1993 WL 93946 (E.D. Pa. March 30, 1993); *Ritter v. Consolidated Rail Corp.*, 1993 WL 29151 (E.D. Pa. Feb. 4, 1993); *Lofurno v. Amtrak National R.R. Corp.*, 1992 WL 170646 (S.D. N.Y. July 8, 1992); *Marcus v. Northeast Commuter Services Corp.*, 1992 WL 129637 (E.D. Pa. June 9, 1992); *In re Rail Collision Near Chase, Md. on Jan. 4, 1987 Litigation*, 680 F.Supp. 728 (D. Md. 1987).

The solitary case that plaintiff cites, *Rodriguez v. National R.R. Passenger Corp.*, 483 F.Supp.2d 553 (W.D. Tex. 2007), is not to the contrary. In *Rodriguez*, Amtrak failed to comply with the procedural requirements of 28 U.S.C. § 1446(b) in removing the claim at issue. The *Rodriguez* Court did not question the existence of federal question jurisdiction; in fact, the ruling expressly holds that "[b]ecause Amtrak is a federally chartered corporation, Plaintiff's lawsuit 'arises under' federal law" for purposes of the district court's original jurisdiction. 483 F.Supp.2d at 559. The cause was remanded, not for lack of jurisdiction, but because Amtrak's Notice of Removal was both untimely (*i.e.*, it was filed beyond the 30-day window of opportunity provided by section 1446) and deficient (*i.e.*, it failed to demonstrate the consent of all defendants to the removal, as required by section 1446). 483 F.Supp.2d at 559-60.

In this case, plaintiff does not question the timeliness or the procedural sufficiency of Amtrak's Notice of Removal, nor does he have any basis for doing so. Without the consent of all defendants, Amtrak could not remove the case. Its Notice of Removal was filed within 30 days after the last of the non-consenting defendants were dismissed from the case and it therefore was unquestionably timely. *See Parker v. County of Oxford*, 224 F.Supp.2d 292 (D. Me. 2002) (dismissal of a non-consenting defendant makes a case removable under § 1446(b), and removal is timely if done within 30 days of that date); *Interstate Roofing, Inc. v. Valley Forge Ins. Co.*, 2007 WL 4385490 (D. Or. 2007) (same). Moreover, the only remaining defendants, Amtrak and the BNSF, both sought the removal.

This Court clearly has subject matter jurisdiction under well-settled law, and plaintiff's argument to the contrary is patently meritless and borders on the sanctionable.

**B.     DIVERSITY JURISDICTION IS LIKEWISE APPLICABLE AND PROVIDES AN INDEPENDENT BASIS FOR REMOVAL.**

Because this Court unquestionably has federal question jurisdiction based on Amtrak's involvement in the action, it need not even reach the separate issue of whether diversity jurisdiction is likewise applicable. Amtrak will therefore note only that plaintiff does not dispute that the diversity requirement of 28 U.S.C. § 1332 is met; instead, he claims that the request for removal on this basis is not timely because the Notice of Removal was filed more than one year after he first filed his suit. While the removal statute does require that removals based on this Court's diversity jurisdiction be made within 1 year after commencement of the action, 28 U.S.C. § 1446(b), plaintiff overlooks the fact that there was <u>no</u> action pending against the BNSF until February 20, 2007. (Ex. B.) This action was removed on January 4, 2008, within one year of the date on which plaintiff first asserted his claim against the BNSF.

Case law is not uniform, but there is authority for the proposition that the 1-year requirement runs, not from the date that a suit is first filed, but from the date that the defendant seeking removal first receives notice of the suit. *See Sheppard v. Wire Rope Corp.*, 777 F.Supp. 1285 (E.D. Va. 1991), and *Greer v. Skilcraft*, 704 F.Supp. 1570 (N.D. Ala. 1989), both holding that a suit is not commenced until a complaint has been filed and a *bona fide* attempt has been made to serve the defendant seeking removal. *But see Burkholder v. Asbestos Claim Management Corp.*, 2007 WL 2463307 (D. Or. Aug. 28, 2007), *Gallo v. Homelite Consumer Products*, 2007 WL 1438127 (N.D. Ill. May 10, 2007), and *Norman v. Sundance Spas, Inc.*, 844 F.Supp. 355 (W.D. Ky. 1994), all holding that 1-year period runs from the date the suit is first filed, not from the date that later-named defendants were added.

Amtrak submits that *Greer* and *Sheppard* are the better reasoned decisions and should be followed in this case, for they recognize that "[t]o hold otherwise would be to provide the plaintiff the power to prevent removal by manipulation and inaction." *Greer*, 704 F.Supp. at 1583. *See also Sheppard*, 777 F.Supp. at 1288-89 ("Congress did not intend plaintiffs, through gimmicks and artful maneuvering used in connection with the one year bar to removal, to straight-jacket or deprive nonresident defendants of their legitimate entitlements to removal."). Plaintiff's claim against the BNSF had not yet been pending for a full year at the time of removal, and plaintiff's failure to name it initially as a defendant should not serve as an excuse to curtail the BNSF's right of removal.

## CONCLUSION

The case law  establishing federal question jurisdiction over suits involving Amtrak is so clear and well-settled as to be indisputable - Amtrak's removal was proper.  For this reason alone plaintiff's motion to remand should be denied.   Denial of the motion is likewise proper, even without the presence of Amtrak,  as this court has jurisdiction over the parties based on diversity.

NATIONAL RAILROAD PASSENGER
CORPORATION and BNSF RAILWAY
COMPANY

By:_____
        One of their attorneys

Susan K. Laing
Anderson, Rasor & Partners, LLP
55 East Monroe St., Suite 3650
Chicago, Illinois 60603
(312) 673-7813 (Susan K. Laing)
susan.laing@arandpartners.com

## CERTIFICATE OF SERVICE

I, the undersigned, a non-attorney, being first duly sworn on oath, deposes and states that she served the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND** to:

Ms. Deidre Baumann
Baumann & Shuldiner
20 South Clark Street
Suite 500
Chicago, IL 60603

by mailing a true copy thereof to counsel as listed above, before the hour of 5:00 p.m. on the 4th day of March, 2008.

Subscribed and Sworn To Before Me
this __4th__ day of _March_, 2008

_____
Notary Public

"OFFICIAL SEAL"
EVELYN DONOHUE
Notary Public, State of Illinois
My Commission Expires 08/13/09

ANDERSON, RASOR & PARTNERS, LLP
55 E. Monroe Street
Suite 3650
Chicago, IL 60603
(312) 673-7800