FILED
JAN 09 2006

LA SALLE COUNTY CIRCUIT CLERK
THIRTEENTH JUDICIAL CIRCUIT OF ILLINOIS

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL DISTRICT
COUNTY OF LASALLE

FRED C. MANGOLD, Independent )
Administrator of the Estate of Judith A. )
Mangold, Deceased, and FRED C. MANGOLD, )
Individually, )
)   Case No. 06-L-5
Plaintiffs, )
)
-vs- )
)
NATIONAL RAILROAD PASSENGER )
CORPORATION, COUNTY OF LASALLE, )
Illinois, a body politic and corporate, ADAMS )
TOWNSHIP, Illinois, a municipal corporation, )
EARL TOWNSHIP, Illinois, a municipal )
corporation, TOWN OF LELAND, a municipal )
corporation, LARRY KINZER, in his official )
capacity, LaSalle County Highway Engineer, )
LASALLE COUNTY HIGHWAY )
DEPARTMENT, ADAMS TOWNSHIP )
ROAD COMMISSIONER, EARL TOWNSHIP )
ROAD COMMISSIONER, and ILLINOIS )
DEPARTMENT OF TRANSPORTATION, )
)
Defendants. )

## COMPLAINT

Plaintiffs, FRED C. MANGOLD, Independent Administrator of the Estate of Judith A. Mangold, Deceased, and FRED C. MANGOLD, Individually, hereby complain against NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), COUNTY OF LASALLE, Illinois, a body politic and corporate, ADAMS TOWNSHIP, Illinois, a municipal corporation, EARL TOWNSHIP, Illinois, a municipal corporation, TOWN OF LELAND, a municipal corporation, LARRY KINZER, in his official capacity, LaSalle County Highway Engineer, LASALLE COUNTY HIGHWAY DEPARTMENT, ADAMS TOWNSHIP ROAD

1

EXHIBIT
A

COMMISSIONER, EARL TOWNSHIP ROAD COMMISSIONER, and ILLINOIS DEPARTMENT OF TRANSPORTATION, and each of them as follows:

1. On or about July 9, 2005, and at all times material, there existed railroad tracks running in a generally eastbound and westbound direction, approximately ½ mile north of North 46th Road at East 18th Road in Adams Township, LaSalle County, Illinois.

2. On or about July 9, 2005, at all times material, the aforesaid railroad tracks had both eastbound and westbound tracks.

3. On or about July 9, 2005, at all times material, NATIONAL RAILROAD PASSENGER CORPORATION, also known as AMTRAK, a rail passenger transportation entity, owned, maintained, controlled, and operated railroad trains on the aforesaid train tracks.

4. On or about July 9, 2005, at all times material, AMTRAK employed persons as railroad train engineers, firemen, and/or conductors for the purpose of operating its trains.

5. On or about July 9, 2005, at all times material, these railroad train engineers, firemen, and/or conductors were working within the scope and authority of their agency and/or employment with AMTRAK.

6. On or about July 9, 2005, at all times material, these railroad train engineers, firemen, and/or conductors were working within the course of their agency and/or employment with AMTRAK.

7. On or about July 9, 2005, at approximately 3:25 p.m., Judith A. Mangold, a resident of Leland, Illinois, County of LaSalle, was traveling in her automobile in a northbound direction on East 18th Road approximately ½ mile north of North 46th Road. At that time and place, Judith Mangold came into contact with an AMTRAK train, Train No. 93, traveling

2

eastbound on the north set of tracks. Judith A. Mangold was killed by this collision.

8. FRED C. MANGOLD, the husband of Judith A. Mangold, and a resident of Leland, Illinois, County of LaSalle, was appointed Independent Administrator of the Estate of Judith A. Mangold in *Estate of Judith A. Mangold, Deceased*, Case No. 2005-P-223.

9. Upon information and belief, the COUNTY OF LASALLE, Illinois, a body politic and corporate, ADAMS TOWNSHIP, Illinois, a municipal corporation, EARL TOWNSHIP, Illinois, a municipal corporation, the TOWN OF LELAND, a municipal corporation, LARRY KINZER, in his official capacity, LaSalle County Highway Engineer, LASALLE COUNTY HIGHWAY DEPARTMENT, ADAMS TOWNSHIP ROAD COMMISSIONER, EARL TOWNSHIP ROAD COMMISSIONER, and the ILLINOIS DEPARTMENT OF TRANSPORTATION, are each individually and/or jointly responsible for (1) the signage on East 18th Road, approaching the subject railroad tracks, (2) the grading, paving, and maintenance of the roadway at East 18th Road, approaching the subject railroad tracks, and (3) ensuring that the sight line along the tracks are, for a reasonably safe distance, free from obstruction as one is traveling north along East 18th Road toward the subject tracks.

## COUNT I
## WRONGFUL DEATH -- AMTRAK

10. Plaintiffs restate and incorporate in this Count I paragraphs 1 through 9.

11. At the time and place alleged, AMTRAK, by and through the acts of its agents and/or employees, had a duty to Plaintiffs to operate its train in a safe manner. This duty included a duty to operate its train at a safe rate of speed given the conditions at hand, including visibility, the nature of the train crossing, and the safety and warning mechanism at the subject

3

train crossing, a duty to sound its whistle at an appropriate distance from the crossing, and a duty to observe the right of way and maintain visibility to ensure safe passage through the crossing.

12. At the time and place alleged, AMTRAK, by and through the acts of its agents and/or employees, were negligent in one or more of the following respects:

  (a) AMTRAK's train engineers, firemen, and/or conductors failed to reduce speed through a railroad crossing largely unprotected by safety devices, through a railroad crossing intersected by a rural road made of gravel, and through a crossing that was obstructed by crops;

  (b) AMTRAK's train engineers, firemen, and/or conductors operated and controlled said railroad train at a speed that was inconsistent with the exercise of ordinary care;

  (c) AMTRAK's train engineers, firemen, and/or conductors failed to sound the train's whistle at an appropriate distance from the crossing;

  (d) AMTRAK's train engineers, firemen, and/or conductors failed to maintain a safe visibility of the approach to the crossing;

  (e) AMTRAK's train engineers, firemen, and/or conductors failed to apply the train's brakes within a reasonable time or to otherwise attempt to avoid a collision;

  (f) AMTRAK failed to safely maintain the right of way and/or areas adjacent to the tracks, in that, AMTRAK permitted crops to grow in areas immediately adjacent to the subject tracks which blocked visibility to both the train and vehicles crossing at the grade crossing; and

  (g) AMTRAK failed to keep the right of way, adjacent to its tracks, reasonably clear of crops for a distance of at least five hundred feet from the subject grade crossing where such crops materially obscured the deceased's view of the approaching train, in violation of 92 Ill. Adm. Code 1535.205.

13. As a proximate result of one or more of the foregoing negligent acts and/or omissions, the death of Judith A. Mangold was wrongfully caused.

WHEREFORE, FRED MANGOLD, Independent Administrator for the Estate of Judith A. Mangold, Deceased, hereby prays for judgment against NATIONAL RAILROAD

4

PASSENGER CORPORATION, a/k/a AMTRAK, in an amount in excess of $100,000.00, costs, and any further relief this Court deems just.

## COUNT II
## WRONGFUL DEATH -- ALL OTHER DEFENDANTS

14. Plaintiffs restate and incorporate in this Count II paragraphs 1 through 13.

15. At the time and place alleged, the COUNTY OF LASALLE, ADAMS TOWNSHIP, EARL TOWNSHIP, the TOWN OF LELAND, LARRY KINZER, in his official capacity as LaSalle County Highway Engineer, LASALLE COUNTY HIGHWAY DEPARTMENT, ADAMS TOWNSHIP ROAD COMMISSIONER, EARL TOWNSHIP ROAD COMMISSIONER, and the ILLINOIS DEPARTMENT OF TRANSPORTATION, each individually and/or jointly owed a duty to Plaintiffs to provide and maintain appropriate signage and safety precautions on East 18th Road, approaching the subject railroad tracks, to safely provide and maintain the grading and paving of the roadway at East 18th Road, approaching the subject railroad tracks, and to maintain a safe sight line, free from obstruction, along and adjacent to the tracks, as one is traveling north along East 18th Road.

16. At the time and place alleged, the aforementioned Defendants, and each of them, were negligent in one or more of the following respects:

   (a) said Defendants, and each of them, failed to provide and maintain appropriate signage and safety precautions on East 18th Road, particularly given the nature of the road and the impediments to visibility;

   (b) said Defendants, and each of them, failed to provide and maintain appropriate grading and paving of the subject roadway, particularly given the impediments to visibility and the lack of safety precaution or signage at the subject crossing;

   (c) said Defendants, and each of them, failed to maintain a safe sight line, free from obstruction, along and adjacent to the subject tracks; and

(d) said Defendants, and each of them, failed to provide persons crossing the tracks at East 18th Street with a reasonably safe passage across the tracks.

17. As a proximate result of one or more of the foregoing negligent acts and/or omissions, the death of Judith A. Mangold was wrongfully caused.

WHEREFORE, FRED MANGOLD, Independent Administrator for the Estate of Judith A. Mangold, Deceased, hereby prays for judgment against the COUNTY OF LASALLE, ADAMS TOWNSHIP, EARL TOWNSHIP, the TOWN OF LELAND, LARRY KINZER, in his official capacity as LaSalle County Highway Engineer, LASALLE COUNTY HIGHWAY DEPARTMENT, ADAMS TOWNSHIP ROAD COMMISSIONER, EARL TOWNSHIP ROAD COMMISSIONER, and the ILLINOIS DEPARTMENT OF TRANSPORTATION, and each of them, in an amount in excess of $100,000.00, costs, and any further relief this Court deems just.

## COUNT III
## SURVIVAL -- ALL DEFENDANTS

18. Plaintiffs restate and incorporate in this Count III paragraphs 1 through 17.

19. At the time of the accident, Plaintiff's decedent suffered pre-death fear, pain, and suffering due to the negligence of the Defendants, and each of them.

WHEREFORE, FRED MANGOLD, Independent Administrator for the Estate of Judith A. Mangold, Deceased, hereby prays for judgment against NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, the COUNTY OF LASALLE, ADAMS TOWNSHIP, EARL TOWNSHIP, the TOWN OF LELAND, LARRY KINZER, in his official capacity as LaSalle County Highway Engineer, LASALLE COUNTY HIGHWAY DEPARTMENT, ADAMS TOWNSHIP ROAD COMMISSIONER, EARL TOWNSHIP ROAD COMMISSIONER, and the ILLINOIS DEPARTMENT OF TRANSPORTATION, and each of

them, in an amount in excess of $100,000.00, costs, and any further relief this Court deems just.

## COUNT IV
## LOSS OF SOCIETY AND CONSORTIUM -- ALL DEFENDANTS

20. Plaintiffs restate and incorporate in this Count IV paragraphs 1 through 19.

21. Prior to the accident, FRED MANGOLD and Judith Mangold had a loving marriage and Judith Mangold contributed to the expenses of the family through her own business.

22. FRED MANGOLD is deprived of the love and support that he is entitled to due to the negligence of the Defendants, and each of them.

WHEREFORE, FRED MANGOLD hereby prays for judgment against NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, the COUNTY OF LASALLE, ADAMS TOWNSHIP, EARL TOWNSHIP, the TOWN OF LELAND, LARRY KINZER, in his official capacity as LaSalle County Highway Engineer, LASALLE COUNTY HIGHWAY DEPARTMENT, ADAMS TOWNSHIP ROAD COMMISSIONER, EARL TOWNSHIP ROAD COMMISSIONER, and the ILLINOIS DEPARTMENT OF TRANSPORTATION, and each of them, in an amount to be determined by the trier of fact for lost support and society, in excess of $100,000.00, costs, and any further relief this Court deems just.

Respectfully submitted,
FRED C. MANGOLD, Independent
Administrator for the Estate of Judith A. Mangold,
Deceased, and FRED C. MANGOLD, Individually

Baumann & Shuldiner
79 W. Monroe, Ste. 900
Chicago, IL 60603
(312) 558-3119

By: _____
One of His Attorneys