IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FRED C. MANGOLD, Independent Administrator of the Estate of JUDITH MANGOLD, Deceased and FRED C. MANGOLD, Individually, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| NATIONAL RAILROAD PASSENGER CORPORATION, et al. | ) ) ) | |
| Defendants. | ) | |

### NOTICE OF REMOVAL

NOW COME the defendants NATIONAL RAILROAD PASSENGER CORPORATION ("Amtrak") and BNSF RAILWAY COMPANY formerly known as THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, by undersigned counsel, and file this Notice of Removal pursuant to 28 U.S.C. § 1446.

The grounds for removal are as follows:

1. This matter arises out of a July 9, 2005 fatal grade crossing collision near Leland, Illinois involving an Amtrak train and a car driven by plaintiff's decedent Judith Mangold. Her estate originally filed suit on January 9, 2006 against Amtrak and a number of local entities, including the Illinois Department of Transportation, the Village of Leland, Earl Township, Adams Township, LaSalle County and their respective road commissioners (hereinafter referred to as "municipal defendants".) (See Original Complaint attached hereto as Exhibit "A")

2. Upon receipt of the initial complaint, Amtrak's counsel sought consent from the various municipal defendants to Amtrak's removal of the action to federal court. Those


EXHIBIT D

defendants, through their counsel, refused to consent to the removal because they preferred to litigate the matter in a location convenient to their counsel's office and/or on what they perceived as their "home grounds." (See Affidavit of Susan K. Laing attached hereto as Exhibit "B")

3. Plaintiff amended this complaint several times, including on February 20, 2007, when for the first time he added the BNSF Railway. (See Second Amended Complaint attached hereto as Exhibit "C")

4. On July 9, 2007, Plaintiff again amended the complaint naming additional Illinois citizens, Rodney and Randy Baker. The Bakers owned the cornfield adjacent to the tracks and west of the road. (A copy of the Third Amended Complaint is attached hereto as Exhibit "D")

5. On August 16, 2007, Judge Lanuti, of the LaSalle county court, granted the motion to dismiss of the remaining municipal defendants, Earl Township and Robert Goodbred[1], and provided that the order was immediately appealable pursuant to Illinois Supreme Court Rule 304(a). (See Order attached hereto as Exhibit "E") Plaintiff did not appeal the dismissal.

6. Within 30 days of the dismissal of the municipal defendants, Amtrak's counsel sought the Baker defendants' consent to removal on federal question grounds, through their counsel. The Bakers would not consent to the removal, also preferring to litigate the lawsuit in their counsel's location. (See Laing Affidavit)

7. On December 7, 2007, Judge Lanuti granted the Bakers' motion to dismiss. This order, too, was immediately appealable. (See Order attached hereto as Exhibit "F") As of the date of the filing of this removal, plaintiff has not appealed that dismissal.

---

[1] Plaintiff had voluntarily dismissed the other municipal defendants at various times in 2006.

8.  Pursuant to 28 U.S.C. §1446(b) this Notice of Removal is being filed with this Court within thirty (30) days of the time that this action has become removable - which in this case is when the last non-consenting (and non-diverse) defendant was dismissed on December 7, 2007.

9.  Pursuant to 28 U.S.C. §1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Pursuant to §1349, the district courts "shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, *unless the United States is the owner of more than one-half of its capital stock.*" (emphasis added)

Said otherwise, the district courts shall have original jurisdiction of civil actions against a corporation where the United States owns more than one-half of the capital stock. See, e.g., *Osborne v. Bank of the United States*, 22 U.S. (9 Wheat) 738 (1824)(since the Bank of the United States was created by an Act of Congress any suit to which the bank was a party was a suit arising out of the laws of the United States); *Pacific Railroad Removal Cases*, 115 U.S. 1 (1885)(suits involving federally chartered corporations, even ones that were privately owned, created federal questions and were within original jurisdiction of district courts); *see also* 13B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, sec. 3571, at 176-178 (2d Ed. 1984)("Thus there is federal jurisdiction without more of an action by or against a corporation if the United States owns more than half of the capital stock of the corporation.")(and cases cited therein).

10. Defendant National Railroad Passenger Corporation was created by an Act of Congress (45 U.S.C. § 501 *et seq.*), and was incorporated pursuant to 45 U.S.C. §§ 541 and 542, now codified under 49 U.S.C. §§ 24301, *et seq.*. Additionally, the United States is the owner of

more than one-half of the National Railroad Passenger Corporation's capital stock. (See Affidavit of John Carten attached hereto as Exhibit "G")

11. Because the United States is the owner of more than one-half of the National Railroad Passenger Corporation's capital stock, under the case law and authorities cited, this Court has original jurisdiction of this matter. *Adkins v. Illinois Central Railroad* Co., 326 F.3d 828, 848 (7th Cir. 2003); *Estate of Wright v. Illinois Central Railroad*, 831 F. Supp. 574 (S.D. Miss. 1993)(National Railroad Passenger Corporation was subject to federal question jurisdiction under §§ 1331 and 1349). See also *In Re Rail Collision Near Chase, Maryland on January 4, 1987 Litigation*, 680 F. Supp. 728 (D. Md. 1987).

12. Moreover, while Defendant Amtrak was named a party in the initial complaint, the complaint was not removable as first the municipal defendants and then the Baker defendants would not consent to the removal, a necessary requirement for removal. Hence, this removal is now timely, as the non-consenting defendants are no longer in the case. *Parker v. County of Oxford*, 224 F.Supp.2d 292 (D.Me. 2002)(dismissal of a non-consenting defendant makes a case removable under §1446(b)); *Interstate Roofing, Inc. v. Valley Forge Ins. Co.*, 2007 WL 4385490 (D.Or. 2007).

13. Additional jurisdictional grounds also are now present as a result of the state court's December 7, 2007 Order. Pursuant to 28 U.S.C. § 1332, the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

14. Defendant BNSF Railway Company is a Delaware corporation with its principal place of business in Texas.

15. Defendant National Railroad Passenger Corporation is a citizen of the District of

Columbia. See 49 U.S.C. §24301(b)(Amtrak's sole state of citizenship for purposes of determining the jurisdiction of the courts is the District of Columbia).

16. The decedent was a citizen of the State of Illinois.

17. Therefore, as the decedent was a citizen of Illinois and the defendants are citizens of Texas, Delaware and the District of Columbia, complete diversity exists and this Court now has jurisdiction over this action.

18. To the best of the defendant's information and belief, the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs, as the decedent left surviving a husband and one adult child. Moreover, prior to the plaintiff's naming BNSF as a defendant, co-defendant National Railroad Passenger Corporation received a settlement demand of $2,000,000.

19. Finally, this ground for removal, asserted by the BNSF Railway Company, is filed within one year of the time the action against it was commenced by the plaintiff.

20. This cause does not arise under the worker's compensation laws of any state and is not brought under 45 U.S.C. §51-60 or 49 U.S.C. §11707 against a common carrier, railroad or their receivers of trustees. Therefore, this cause is removable to this Court pursuant to 28 U.S.C. §1441(a).

21. Further, in accordance with 28 U.S.C. §1446(d), undersigned counsel has given written notice of the filing of this Notice of Removal by mailing a copy of this Notice of Removal with attached Exhibits to plaintiff's counsel Deidre Baumann of Baumann & Shuldiner 20 South Clark Street, Suite 500, Chicago, IL 60603. In further compliance with sec. 1446(d), on that same date, the BNSF Railway Company herein also filed with the clerk of the Circuit Court of the Thirteenth Judicial Circuit, LaSalle County a copy of this Notice of Removal.

WHEREFORE, Defendants NATIONAL RAILROAD PASSENGER CORPORATION and BNSF RAILWAY COMPANY formerly known as THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY file this Notice of Removal so that the entire state court action under Cause No. 06 L 0005 now pending in the Circuit Court of the Thirteenth Judicial Circuit, LaSalle County, Illinois, be removed to this Court for all further proceedings.

NATIONAL RAILROAD PASSENGER
CORPORATION and BNSF RAILWAY
COMPANY

By: _____
One of their attorneys

Susan K. Laing
Anderson, Rasor & Partners, L.L.P.
55 East Monroe, Suite 3650
Chicago, Illinois 60603
(312)673-7813 (Susan K. Laing)
susan.laing@arandpartners.com

## CERTIFICATE OF SERVICE

I, the undersigned, a non-attorney, being first duly sworn on oath, deposes and states that she served the foregoing **NOTICE OF REMOVAL** to:

> Ms. Deidre Baumann
> Baumann & Shuldiner
> 20 South Clark Street
> Suite 500
> Chicago, IL 60603

by mailing a true copy thereof to counsel as listed above, before the hour of 5:00 p.m. on the 4th day of January, 2008.

*/s/ Catherine M. Tervanis*

Subscribed and Sworn To Before Me
this __4th__ day of January, 2008

*/s/ Sharon F. Dinovo*
Notary Public

"OFFICIAL SEAL"
SHARON F. DINOVO
Notary Public, State of Illinois
My Commission Expires 09/27/10

ANDERSON, RASOR & PARTNERS, LLP
55 E. Monroe Street
Suite 3650
Chicago, IL 60603
(312) 673-7800