IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED C. MANGOLD, Independent Administrator of the Estate of Judith Mangold, Deceased, and FRED C. MANGOLD, Individually<br><br>Plaintiffs<br><br>v.<br><br>National Railroad Passenger Corp., et al<br><br>Defendants. | No. 08 C 73<br><br>The Honorable William J. Hibbler |

### MEMORANDUM OPINION AND ORDER

Before the Court is a question of civil procedure that would make any law school professor proud. In January 2008, the National Railroad Passenger Corporation (aka "Amtrak") removed the suit, alleging various theories of recovery related to a grade-crossing collision that killed Plaintiff's wife, from the LaSalle County, Illinois, Circuit Court. Mangold moves to remand.

In January 2006, Fred C. Mangold filed his first state-court complaint against Amtrak and various municipal and individual defendants. Mangold amended that complaint several times, eventually adding the second remaining Defendant, the BNSF Railway Company (formerly The Burlington Northern and Santa Fe Railway Company) in July 2007.

At the outset of the state court litigation, Amtrak approached the municipal and individual defendants in order to obtain their consent to remove the suit to federal court.[1] The other defendants,

---

[1] Although the suit alleged only state law claims, because Amtrak is deemed an instrument of the federal government pursuant to 28 U.S.C. § 1349, jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367 would have been proper. *See Miller v. Illinois Cent. R. Co.*, 474 F.3d 951, 952 (7th Cir. 2007); *Dowe v. Nat'l R.R. Passenger*

however, declined to consent. Mangold dismissed some of the non-consenting defendants during 2006. In August and December 2007, the state court granted motions to dismiss for the last of the non-consenting defendants, leaving only Amtrak and BNSF Railway. After the December 2007 state-court ruling, Amtrak removed the litigation, which had been pending in state court for more than two years, to this Court. Mangold argues that the removal is untimely and asks this Court to remand the case to the state court.[2]

The procedures for removal are outlined in 28 U.S.C. § 1446. Among other things, section 1446 requires that the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b). The statute further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Defendants argue that the latter provision makes their motion timely, suggesting that the case was not removable prior to the dismissal of the non-consenting defendants. The Court disagrees.

---

*Corp.*, No. 01 C 5808, 2003 WL 22383016 (N.D. Ill. Oct. 17, 2003).

[2] Curiously, Mangold spends almost the entirety of his motion arguing that 28 U.S.C. § 1349 does not grant the Court jurisdiction, an argument bordering on frivolous. Mangold only briefly raises the more persuasive argument that Defendants' removal is untimely, but does so under a far more generous (to Defendants) provision of the statute. More curious still is Mangold's failure to reply to Defendants' response to his motion, in which Defendants wrongly suggest that Mangold did not (and could not) raise the issue of the timeliness of their removal. Despite counsel's extremely nonchalant approach to her own motion, the Court finds that Mangold sufficiently raised the issue of the timeliness of Defendants' removal and did not waive the issue.

Defendants argue that the presence of "non-consenting" defendants makes a case nonremovable, and therefore an order dismissing those defendants allows them to "first . . . ascertain[ ] that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Such an interpretation, however, ignores the plain language of the initial part of the cited passage in § 1446(b). That language contains a condition, limiting the applicability of when the clock for removal may be reset. That condition requires "the case stated by the initial pleading" to be unremovable. 28 U.S.C. § 1446(b). In this case, "the case stated by the initial pleading" contained a claim against Amtrak, and thus the condition for restarting the 30-day clock allowing removal was never met because the case stated by the initial pleading was, in fact, removable as noted earlier.

Defendants gloss over the plain language of § 1446(b) and instead point to two cases, outside of this district, to support their position that the removal of a non-consenting defendant triggers the resetting of the 30-day period for removal in § 1446(b). *Parker v. County of Oxford*, 224 F. Supp. 2d 292 (D. Me. 2002); *Interstate Roofing, Inc. v. Valley Forge Ins. Co.*, 2007 WL 4385490 (D. Or. 2007). The court in *Parker* held that there was "no reason to distinguish between" a plaintiff's voluntary dismissal of a non-consenting defendant and the voluntary dismissal of a non-diverse defendant, which plainly renders an action removable. *Parker* 224 F. Supp. 2d at 295 n. 6. There is, however, a critical distinction between a non-consenting defendant and a non-diverse defendant, one to which the *Parker* court paid only nominal lip-service. *Id.* A non-consenting defendant provides a procedural barrier to removal, whereas a non-diverse defendant provides a jurisdictional barrier.

The import of the distinction becomes more clear upon examination of the purpose behind the 30-day time limit set forth in § 1446(b), which is twofold. First, it eliminates both a significant

3

tactical advantage and the opportunity to manipulate the forum if defendants may wait to see how an action fares in state court prior to deciding to remove it. *See Wilson v. Intercollegiate (BigTen) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982); *see also Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 530 (7th Cir. 2004) ("removal statutes do not permit defendants deliberately to manipulate assignments so that the 30-day time limit on removal found in § 1446(b) can be avoided"). Second, it prevents a delay and waste of resources related to transferring fora after significant proceedings in a state court. *Id.* Indeed, as a Florida district court noted, in dicta, "[t]aken to its logical extension, a finding that the consent of defendants affects 'removability' would mean that a defendant's change of mind about whether to consent would restart the clock." *Hauk v. Borg Warner Corp.*, 2006 WL 2927559 (M.D. Fl. 2006).[3]

Here, both the purposes behind the 30-day limitation would be forfeited were the Court to adopt Defendants' interpretation of "removability." To allow Defendants to remove a case more than two years after state court proceedings had commenced would encourage gamesmanship. Defendants would enjoy an immense tactical advantage if allowed two years to gage the strength of their position in the state-court proceedings prior to removal after the dismissal of (or settlement by) a non-consenting defendant. Further, though Defendants give no indication as to the amount of discovery taken or effort expended litigating this case in state court, the Court is hard-pressed to imagine a more wasteful use of judicial resources than to litigate an action for two years in one forum before removing it to another.

---

[3] In a related question of civil procedure, at least one court in this district has adopted the "first-served" rule when determining when to start the 30-day clock. *Ballard Nursing Ctr, Inc. v. GF Health Prod., Inc..*, No. 07 C 5715, 2007 WL 3448731, *3-4 (N.D. Ill. Nov. 14, 2007). The court did so, citing both to purposes behind the 30-day limitation. *Id.* at *3.

4

Accordingly, the Court holds that the Defendants' removal is untimely and GRANTS the Plaintiffs' motion to remand.

IT IS SO ORDERED.

_4/16/08_
Dated

_Wm J. Hibbler_
Hon. William J. Hibbler
United States District Court